UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHAMMAD BADAR NAVEED, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE, et al.,<br><br>Defendants. | Case No. 15-cv-05298-PSG<br><br>**ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>**(Re: Docket No. 20)** |

Late on the night of July 13, 2013, Defendants Jonathan Koenig, Edgar Nava, Elizabeth Ornelas and Martin Wallace—all of them San Jose police officers—arrived at West Coast Wheels, a San Jose shop selling custom wheels and other specialty items for cars.[1] A 911 caller had reported that WCW employees, including Plaintiffs Mohammad Badar Naveed and Humza Ahmad, were refusing to give the caller his car back.[2] When two of the officers started ordering Plaintiffs' friends out of their cars and arresting them, Plaintiffs took out their cell phones and began filming the encounter.[3] For this, Plaintiffs claim, the officers took Badar to the ground, slammed Ahmad onto the trunk of a police car, arrested them both and confiscated their cell phones.[4] Plaintiffs allege that Defendants' actions violated their constitutional rights and constituted several state-law torts.[5]

---

[1] *See* Docket No. 20 at ¶¶ 8-11, 16, 21-22, 43, 62, 68.

[2] *See id.* at ¶¶ 5-6, 26, 38-40.

[3] *See id.* at ¶¶ 50-57.

[4] *See id.* at ¶¶ 60-71.

[5] *See id.* at ¶¶ 94-153.

1
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants, including the officers as well as their supervisor Sergeant Doug Tran and the City of San Jose, now move to dismiss Plaintiffs' first amended complaint.[6]  Defendants argue that they had probable cause for the arrests and seizures and that they could not have violated Plaintiffs' free speech rights.  On the former point, at least, the court is persuaded.  The motion is GRANTED-IN-PART.

## I.

Earlier on the day in question, Plaintiffs got into a business dispute with a WCW customer named Va Phong.[7]  Against Plaintiffs' advice, Phong had special-ordered 22-inch rims that Plaintiffs thought would not fit his car.[8]  Plaintiffs allege that they had warned Phong that they would charge him a restocking fee if he asked them to install the rims and they did not fit.[9]  Phong arrived around 5 PM on July 13, 2013 to get the rims installed.[10]  Sure enough, the rims were too big for Phong's car, but Phong refused to pay either the restocking fee or for the other modifications that Omar Naveed, the WCW employee who was supervising the work, suggested.[11]  For his part, Omar refused to return Phong's car, citing the mechanic's lien that gave WCW the right to keep it until Phong paid for the work done.[12]  Phong called the police twice, at 10:50 PM and then again at 11:37 PM, complaining that WCW was not letting him leave with his car.[13]  Throughout this time, security cameras show Phong entering and leaving the building freely.[14]

---

[6] *See* Docket No. 20.

[7] *See* Docket No. 19 at ¶ 35.

[8] *See id.* at ¶¶ 27-30.

[9] *See id.* at ¶ 28.

[10] *See id.* at ¶ 30.

[11] *See id.* at ¶¶ 32-34.

[12] *See id.* at ¶ 37 (citing Cal. Civ. Code § 3068).

[13] *See id.* at ¶¶ 38-40.

[14] *See id.* at ¶¶ 41-42.

Koenig and Nava arrived at 11:39 PM and saw Phong standing in the alley next to WCW.[15] Phong identified himself as the 911 caller and complained to the officers that he felt trapped because Omar had refused to let him have his car—which was on jacks at the time—until Phong paid and because the driveway was blocked.[16] Phong also told the officers at some point that Omar had threatened to "fuck [him] up."[17]

Seeing a car with tinted windows parked behind Phong in the alley, Koenig approached and asked the driver—Omar—for his license and registration.[18] Nava opened the passenger-side door and ordered the occupant, Harroon Naveed, out of the car.[19] Around this time, Plaintiffs started filming the interaction on their cell phones.[20] Omar could not find the registration immediately, so Koenig arrested him and put him in the back of their patrol car.[21] Meanwhile, Harroon refused to get out of the car, so Nava arrested him for resisting.[22] Plaintiffs captured these arrests on video, even though Nava tried to shine a flashlight in their cameras to interfere with their recording.[23]

With Omar and Harroon secured, Koenig then walked up to Badar, tried to grab the cell phone from his hand, took hold of Badar's arms and twisted them behind his back, knocking the cell phone to the ground.[24] Even though Badar had both his arms behind his back and was not

---

[15] *See id.* at ¶ 43.

[16] *See id.* at ¶¶ 44, 48.

[17] *Id.* at ¶ 47.

[18] *See id.* at ¶¶ 49-51.

[19] *See id.* at ¶ 52.

[20] *See id.* at ¶ 53.

[21] *See id.* at ¶¶ 54-55.

[22] *See id.* at ¶ 56.

[23] *See id.* at ¶¶ 57-58.

[24] *See id.* at ¶ 60.

resisting or threatening the officers, Koenig then swept Badar's feet out from under him, while Wallace walked up and added his weight to push Badar hard into the ground.[25] The officers then spotted Ahmad recording Badar's arrest, and Koenig ordered Ornelas to arrest Ahmad.[26] Ornelas told Ahmad to back up, and Ahmad complied, but Koenig and Ornelas arrested him for failing to obey commands and for delaying their investigation.[27] After Ahmad was in handcuffs, Koenig threw him forcefully onto the trunk of a police car face-first.[28]

Koenig and Ornelas then confiscated Plaintiffs' cell phones, and all of the officers entered WCW and searched the premises.[29] They ordered a WCW employee to remove the rims from Phong's car and to remove sensors from the wheels and rims.[30] The cell phones remain in the police department's possession, and, Plaintiffs allege, the police have tampered with the video recordings that Plaintiffs made.[31] Each officer filed what Plaintiffs claim was a false police report.[32] Tran, as a supervisory officer, approved all this conduct and filed his own false report.[33]

Plaintiffs filed this suit in state court in July 2015.[34] Defendants removed it to this court four months later[35] and moved to dismiss.[36] By stipulation, Plaintiffs withdrew their complaint

---

[25] *See id.* at ¶¶ 61-66. The complaint does not describe their arrival, but Wallace and Ornelas had shown up by this point.

[26] *See id.* at ¶ 68.

[27] *See id.* at ¶¶ 69-70.

[28] *See id.* at ¶ 71.

[29] *See id.* at ¶¶ 82, 88.

[30] *See id.* at ¶ 89.

[31] *See id.* at ¶¶ 82-87.

[32] *See id.* at ¶¶ 73-78.

[33] *See id.* at ¶¶ 79-81.

[34] *See* Docket No. 1, Ex. A.

[35] *See* Docket No. 1.

4
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

and filed the complaint now at issue.[37] Plaintiffs raise seven causes of action: (1) a claim under 42 U.S.C. § 1983 for violation of Plaintiffs' freedom of speech rights through retaliation for protected activity, against Koenig, Nava and Ornelas; (2) a Section 1983 claim for false arrest, unlawful search and excessive force in violation of the Fourth Amendment against Koenig, Ornelas, Wallace and Tran; (3) a Section 1983 claim for illegal seizure of the cell phones in violation of the Fourth Amendment against Koenig, Ornelas and Tran; (4) a Section 1983 claim for illegal search and seizure of property at WCW against all Defendants; (5) a claim for battery by a police officer against Koenig, Ornelas and Wallace; (6) a claim for false arrest against Koenig and Ornelas and (7) a claim under Cal. Civ. Code § 52.1, or the Bane Act, against Koenig, Nava, Ornelas, Tran, Wallace and the City of San Jose for various violations of Plaintiffs' First and Fourth Amendment rights.[38] Plaintiffs seek actual and consequential damages, attorney's fees and punitive damages.[39]

## II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[40]

## III.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[41] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon

---

[36] *See* Docket No. 6.

[37] *See* Docket No. 19.

[38] *See id.* at ¶¶ 94-153.

[39] *See id.* at 23.

[40] *See* Docket Nos. 8, 9.

[41] Fed. R. Civ. P. 8(a)(2).

5
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

which relief may be granted.[42]  A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[43]  Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[44]  Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[45]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[46]  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[47]  However, the court need not accept as true allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[48]

*First*, Defendants argue that the officers had probable cause to arrest Plaintiffs, so they cannot state a Section 1983 or state-law claim for false arrest.[49]  To prevail on their Section 1983 false arrest claim, Plaintiffs must "demonstrate that there was no probable cause to arrest

---

[42] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[44] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[45] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[46] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[47] *See id.*

[48] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 (holding that "a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[49] These claims are part of Plaintiffs' second cause of action and the entirety of their sixth.  *See* Docket No. 19 at ¶¶ 102-106, 110-111, 138-145.  Although their motion was ambiguous on this point, in their reply brief Defendants clarify that they do not challenge the portion of the second claim relating to their alleged use of excessive force.  *See* Docket No. 27 at 6 ("Defendants' motion has raised no issue with the pleading of the excessive force claims . . . .").

[them]."[50] And under California law, police officers are immune from liability for false arrest "if the arrest is lawful or the officer had reasonable cause to believe it was lawful."[51] The test for probable cause is whether "at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent [person] in believing that the [complainant] had committed or was committing an offense."[52] Even if there is no probable cause for an arrest, "a government official is entitled to qualified immunity on a false arrest claim if a reasonable officer in his position could have believed that probable cause existed."[53]

Defendants here have cited sufficient facts to establish probable cause for the arrests. As Plaintiffs allege in their complaint, Phong told police, either over the phone or in person, that an unidentified group of people associated with WCW were holding his car wrongfully, that they were preventing him from leaving, that he was afraid for his safety and that one of them had threatened to hurt him.[54] When a citizen witness claims to have been the victim of a crime, probable cause may be "established if the victim provides 'facts sufficiently detailed to cause a reasonable person to believe a crime had been committed and the named suspect was the perpetrator.'"[55] In other words, "the statements of a victim, standing alone, may supply probable

---

[50] *Norse v. City of Santa Cruz*, 629 F.3d 966, 978 (9th Cir. 2010) (quoting *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam)).

[51] *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992) (citing Cal. Penal Code § 847(b)(1)).

[52] *Blankenhorn v. City of Orange*, 485 F.3d 463, 471 (9th Cir. 2007) (quoting *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005)).

[53] *Norse*, 629 F.3d at 978 (citing *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1024 (9th Cir. 2009)).

[54] *See* Docket No. 19 at ¶¶ 38-40, 47-48.

[55] *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003) (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1444 (9th Cir. 1991)). *But cf. Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) (citing *Fuller*, 950 F.2d at 1444) ("In establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but

7
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

cause so long as the victim provides sufficiently detailed facts regarding the incident."[56] Here, Phong's 911 calls included a number of details that would suggest that a crime had occurred, and the officers had a "lengthy conversation" with Phong after they arrived.[57] Moreover, what the officers could see corroborated several aspects of Phong's story—he would have no reason to stay at WCW well after the shop had closed if he could leave freely, and there indeed was another car in the driveway.[58] And though the officers were required to release Plaintiffs from arrest if and when the probable cause to arrest them dissipated,[59] Plaintiffs do not allege or argue that any dissipation occurred before the arrests themselves.[60]

It is not plausible that, as Plaintiffs argue, probable cause attached only to Plaintiffs' colleagues and not to Plaintiffs themselves. WCW is a family business in which Plaintiffs are deeply involved.[61] Plaintiffs were the ones who installed Phong's rims, they were holding Phong's vehicle and they were parties to the business disagreement that arose with Phong.[62] Although "'mere propinquity' to criminal activity alone does not support probable cause, . . . here the attendant facts and circumstances support[ed] a fair probability that [Plaintiffs] were linked" to the alleged crime.[63] Considering "the totality of the circumstances,"[64] the officers had probable

---

must independently investigate the basis of the witness' knowledge or interview other witnesses.").

[56] *Pinckney v. City of San Jose*, Case No. 08-cv-04485, 2010 WL 94266, at *4 (N.D. Cal. Jan. 6, 2010) (citing *Fuller*, 950 F.2d at 1444; *Peng*, 335 F.3d at 978).

[57] Docket No. 19 at ¶¶ 38-40, 43.

[58] *See id.* at ¶¶ 43-45, 48-49.

[59] *See United States v. Ortiz-Hernandez*, 427 F.3d 567, 574 (9th Cir. 2005).

[60] *See* Docket No. 26 at 13 (citing Docket No. 19 at ¶¶ 72, 73, 106, 110-111).

[61] Docket No. 19 at ¶¶ 25-26.

[62] *See id.* at ¶¶ 31, 34-36.

[63] *United States v. Buckner*, 179 F.3d 834, 838-39 (9th Cir. 1999) (quoting *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)); *cf. Wyoming v. Houghton*, 526 U.S. 295, 304-05 (1999) (authorizing searches

8
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

cause to arrest Plaintiffs. Those arrests did not violate the Fourth Amendment.

***Second***, Plaintiffs' only argument in opposition to Defendants' motion to dismiss the claim that the officers unlawfully seized Plaintiffs' cell phones is that the arrests themselves were improper.[65] Because, as above, the arrests were lawful, so were the seizures of the cell phones. Plaintiffs' third cause of action therefore is dismissed as well.

***Third***, Plaintiffs have failed to state a claim for illegal seizure of property at WCW.[66] To start with, the claim is too vague to survive under *Twombly* and *Iqbal*. Plaintiffs allege that Defendants "seized personal property from Plaintiffs' business" and "removed property from WCW control,"[67] but these are "legal conclusions" that "do not suffice"[68] without an explanation of exactly what that property was. To the extent that Plaintiffs now indicate that they were referring to the officers' demand that WCW employees return Phong's car,[69] Defendants are correct that Plaintiffs had no possessory interest in the car itself. Plaintiffs cite a California statute that gives anyone who services an automobile a lien on the vehicle until the owner pays for the work, but such a lien arises only once "a written statement of charges for completed work or services is presented to the registered owner."[70] Plaintiffs have alleged that Phong did not own the car,[71] while they have not alleged that they presented a written statement of charges. No

---

of car passengers because they "will often be engaged in a common enterprise with the driver").

[64] *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2007) (quoting *United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986)).

[65] *See* Docket No. 26 at 16-17.

[66] As Plaintiffs point out, other than a heading, Defendants' motion made no mention of the allegedly illegal search of WCW, as opposed to the seizures. *See* Docket No. 20 at 12-13.

[67] Docket No. 19 at ¶ 125.

[68] *Iqbal*, 556 U.S. at 678.

[69] *See* Docket No. 26 at 17 (citing Docket No. 19 at ¶¶ 80, 89-90).

[70] Cal. Civ. Code § 3068(a).

9
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

1   mechanic's lien on the car could have arisen under these circumstances. And if Plaintiffs believe

2   that Defendants seized other property from WCW, they must say so in their complaint.

3         ***Fourth***, Defendants contend that Plaintiffs have not shown that the officers arrested them

4   in retaliation for expression protected by the First Amendment. As a threshold matter, the parties

5   disagree over whether Plaintiffs' recordings constituted First Amendment activity. On that point,

6   the weight of authority favors Plaintiffs. The Ninth Circuit has found that the First Amendment

7   protects the "right to film matters of public interest."[72] Accordingly, several courts in this circuit

8   have recognized a First Amendment right to record police officers conducting their official

9   duties.[73] Defendants argue that this case is different because Plaintiffs were gathering evidence of

10   their own arrests, but the acts at issue were Plaintiffs' recording the arrests of Omar and Harroon.[74]

11   Plaintiffs had a First Amendment right to do so.

12         Next, to establish a claim of First Amendment retaliation, Plaintiffs must prove (1) "that

13   the officers' conduct would chill a person of ordinary firmness from future First Amendment

14   activity" and (2) "that the officers' desire to chill [Plaintiffs'] speech was a but-for cause of their

---

[71] *See* Docket No. 19 at ¶ 30.

[72] *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995); *accord ACLU of Ill. v. Alvarez*, 679 F.3d 583, 597 (7th Cir. 2012) (finding a First Amendment interest in "nonconsensual audio recording of public officials performing their official duties in public"); *Glik v. Cunniffe*, 655 F.3d 78, 83 (1st Cir. 2011) ("[T]he First Amendment protects the filming of government officials in public spaces."); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000) (recognizing a "First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct").

[73] *See Barich v. City of Cotati*, Case No. 15-cv-00350, 2015 WL 6157488, at *1 (N.D. Cal. Oct. 20, 2015); *Crago v. Leonard*, Case No. 13-cv-00531, 2014 WL 3849954, at *4 (E.D. Cal. Aug. 5, 2014); *Veth Mam v. City of Fullerton*, Case No. 11-cv-01242, at *5-6 (S.D. Cal. Mar. 12, 2013); *see also Adkins v. Limtiaco*, 537 F. App'x 721, 722 (9th Cir. 2013).

[74] *See* Docket No. 19 at ¶¶ 53, 56-57. For this reason, Defendants' citation to *Higginbotham v. City of New York* is inapposite—when the officers were arresting Omar and Harroon, Plaintiffs were not "the subject of the police activity" in question, and they were not "imped[ing] police officers in the performance of their duties." 105 F. Supp. 3d 369, 379-80 (S.D.N.Y. 2015).

allegedly unlawful conduct."[75] An arrest satisfies the first prong.[76] For the second prong, whether the officers had probable cause is not dispositive; rather, the key question is whether the officers would not have arrested Plaintiffs if not for their First Amendment activity, even if they can justify the arrest with probable cause.[77] "Intent to inhibit speech . . . can be demonstrated either through direct or circumstantial evidence."[78] The timing of an allegedly retaliatory action can serve as circumstantial evidence of a retaliatory intent for the action.[79]

Here, Plaintiffs have alleged enough facts that, if proven, could provide circumstantial evidence that the officers arrested Plaintiffs for recording them. It is true that, as the court has found above, the officers had probable cause to arrest Plaintiffs. But Plaintiffs allege—with photographic proof—that the officers intentionally interfered with the video recording, indicating at least that they were unhappy with Plaintiffs for recording the arrests.[80] And when Koenig approached Badar, Koenig's first move was to try to grab Badar's phone.[81] Moreover, no officer paid any attention to Plaintiffs until they began recording.[82] All of these alleged facts suggest, at least, that the officers arrested Plaintiffs because of their First Amendment activity, regardless of probable cause.

---

[75] *Ford v. City of Yakima*, 706 F.3d 1188, 1193 (9th Cir. 2013) (citations omitted).

[76] *See id.* at 1193-94 (citations omitted).

[77] *See id.* at 1194-95 & n.2; *Skoog v. County of Clackamas*, 469 F.3d 1221, 1232 (9th Cir. 2006) ("[A] plaintiff need not plead the absence of probable cause in order to state a claim for retaliation.").

[78] *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300-01 (9th Cir. 1999) (citing *Magana v. Commonwealth of N. Marianas Islands*, 107 F.3d 1436, 1448 (9th Cir. 1997)).

[79] *See Lacey v. Maricopa County*, 693 F.3d 896, 917 (9th Cir. 2012) (citing *Bruce v. Ylst*, 351 F.3d 1283, 1288-89 (9th Cir. 2003)).

[80] *See* Docket No. 19 at ¶ 58.

[81] *See id.* at ¶ 60.

[82] *See id.* at ¶¶ 58-60, 68-70.

11
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

Qualified immunity does not protect Defendants from liability. A qualified immunity defense is available to public officials "if their actions did not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'"[83] As above, Plaintiffs' right to film the arrests of Omar and Harroon was well-established when the officers arrested Plaintiffs.[84] And although Defendants are correct that the Supreme Court "has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause,"[85] the Ninth Circuit certainly has.[86] Even if the officers had probable cause to arrest Plaintiffs, it was well-established law in this circuit that they still could not do so in retaliation for their First Amendment activity.

That said, although Plaintiffs have brought their First Amendment claim against Koenig, Nava and Ornelas, they have not explained how Nava or Ornelas can be liable. Nava shone his flashlight at Plaintiffs' phones, but he took no other action towards them and was not involved in their arrests.[87] And Ornelas only arrested Ahmad at Koenig's behest; there is no indication that she cared about or even noticed the fact that he was recording the incident.[88] The claim is dismissed as to Nava and Ornelas.

*Fifth*, Defendants move to dismiss Plaintiffs' claims under the Bane Act. That statute prohibits interference "by threats, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or

---

[83] *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

[84] *See Barich*, 2015 WL 6157488, at *1.

[85] *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012).

[86] *See Ford*, 706 F.3d at 1194-95 & n.2; *Skoog*, 469 F.3d at 1232.

[87] *See* Docket No. 19 at ¶¶

[88] *See* Docket No. 19 at ¶¶ 68-70.

12
Case No. 15-cv-05298-PSG
ORDER GRANTING-IN-PART MOTION TO DISMISS FIRST AMENDED COMPLAINT

of the rights secured by the Constitution or laws of this state."[89]  "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to do or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law."[90]  A plaintiff therefore must show both "(1) intentional interference or attempted interference with a state or federal legal or constitutional right, and (2) that the interference or attempted interference was by threats, intimidation or coercion."[91]  "[A] wrongful arrest or detention, without more, does not satisfy both elements" of the Bane Act.[92]  But where "an arrest is unlawful *and* excessive force is applied in making the arrest, there has been coercion 'independent from the coercion inherent in the wrongful detention itself.'"[93]  And where officers intentionally use "deliberate and spiteful" force in effecting a lawful arrest, the arrestee can bring a Bane Act claim "for deprivation of one's constitutional right to be free from excessive force."[94]

Plaintiffs have stated a viable Bane Act claim only against Koenig and Wallace.  Both of these officers allegedly used excessive force against Plaintiffs, which constitutes coercion independent of that inherent in their arrests.  Moreover, Plaintiffs have alleged sufficiently that Koenig instigated the arrests in retaliation for Plaintiffs' exercise of their First Amendment rights.  But Plaintiffs have not shown that any of the other Defendants intentionally threatened,

---

[89] Cal. Civ. Code § 52.1(a).

[90] *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947, 955-56 (2012) (quoting *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)).

[91] *Allen v. City of Sacramento*, 234 Cal. App. 4th 41, 67 (2015) (citing *Jones*, 17 Cal. 4th at 334; *Shoyoye*, 203 Cal. App. 4th at 958).

[92] *Id.* at 69 (citing *Shoyoye*, 217 Cal. App. 4th at 960).

[93] *Bender v. County of Los Angeles*, 217 Cal. App. 4th 968, 978 (2013) (quoting *Shoyoye*, 203 Cal. App. 4th at 959).

[94] *Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1008 (N.D. Cal. 2014); *see also Rodriguez v. City of Modesto*, Case No. 10-cv-01370, 2013 WL 6415620, at *13 (E.D. Cal. Dec. 9, 2013).

intimidated or coerced them in any way, except as justified by probable cause.

**IV.**

Defendants' motion to dismiss is GRANTED-IN-PART, as follows:

(1) Plaintiffs' first cause of action, alleging First Amendment retaliation, is dismissed as to Nava and Ornelas.

(2) Plaintiffs' second cause of action, alleging false arrest, unlawful search and excessive force, is dismissed except as to the allegations of unreasonable force.

(3) Plaintiffs' third cause of action, alleging the illegal seizures of their cell phones, is dismissed in its entirety.

(4) Plaintiffs' fourth cause of action, alleging an illegal search and seizure of WCW property, is dismissed except as to the illegal search.

(5) Plaintiffs' sixth cause of action, for false arrest, is dismissed in its entirety.

(6) Plaintiffs' seventh cause of action, under the Bane Act, is dismissed as to Nava, Ornelas, Tran and the City of San Jose.

Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[95]  Because the court has never before ruled on Plaintiffs' claims, it is not yet clear that further amendment would be futile.  Leave to amend is GRANTED.  Plaintiffs shall file any amended complaint within 21 days.

**SO ORDERED.**

Dated: May 23, 2016

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[95] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).